IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NOS. WR-75,114-01 & -02




EX PARTE OMAR CARAVEO, Applicant




ON APPLICATIONS FOR A WRIT OF HABEAS CORPUS
CAUSE NOS. CR08-0502 & CR08-0503 IN THE 415TH DISTRICT COURT
FROM PARKER COUNTY



           Per curiam.

O R D E R

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court these applications for a writ of habeas corpus. Ex
parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of two counts
of burglary of a habitation and sentenced to sixty years’ imprisonment on each count. The Eleventh
Court of Appeals affirmed his convictions. Caraveo v. State, Nos. 11-09-00082-CR & 11-09-00083-CR (Tex. App.–Eastland, delivered July 22, 2010, no pet.). 
            Applicant contends that his appellate counsel rendered ineffective assistance because he
failed to timely notify Applicant that his convictions had been affirmed. The trial court recommended
that we grant Applicant out-of-time petitions for discretionary review. We believe that appellate
counsel should have the opportunity to respond to Applicant’s claim.
            Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall order appellate counsel to respond to Applicant’s claim. The trial court may use any means set
out in Tex. Code Crim. Proc. art. 11.07, § 3(d). 
            If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent him at the hearing. Tex. Code Crim. Proc. art. 26.04. 
            The trial court shall make further findings of fact as to whether Applicant’s appellate counsel
timely informed Applicant that his convictions had been affirmed. The trial court shall also make
any other findings of fact and conclusions of law that it deems relevant and appropriate to the
disposition of Applicant’s claim for habeas corpus relief.
            These applications will be held in abeyance until the trial court has resolved the fact issues. 
The issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of
the order granting the continuance shall be sent to this Court. A supplemental transcript containing
all affidavits and interrogatories or the transcription of the court reporter’s notes from any hearing
or deposition, along with the trial court’s supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 
Filed: January 12, 2011
Do not publish